**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____ Chapter __11__

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **IronNet International, LLC** |
| **2.** | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | **N/A** |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **83-3237621** |

**4.    Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **7900 Tysons One Place**<br>**Suite 400**<br>**McLean, VA 22102**<br>Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Fairfax**<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

**5.    Debtor's website** (URL)    **https://www.ironnet.com/**

**6.    Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **IronNet International, LLC**                                    Case number (*if known*) _____
_____
Name

**7.    Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.
    **5415**

**8.    Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.    Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.

☐ Yes.

| | District _____ | When _____ | Case number _____ |
| | District _____ | When _____ | Case number _____ |

**10.    Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☒ Yes.

List all cases. If more than 1, attach a separate list

| Debtor    **See Schedule 1, attached** | | Relationship _____ |
| District _____ | When _____ | Case number, if known _____ |

| Debtor | **IronNet International, LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

Contact name _____

Phone _____

---

**⬛ Statistical and administrative information (on a consolidated basis)**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☒ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☒ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☒ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor    **IronNet International, LLC**                                        Case number (*if known*) _____
          Name

---

| | **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **10/12/2023**
               MM / DD / YYYY

**X** *Cameron Pforr*                                    **Cameron Pforr**
Signature of authorized representative of debtor         Printed name

Title    **President and Chief Financial Officer**

---

**18. Signature of attorney**

**X** *Sean M. Beach*                                    Date **10/12/2023**
Signature of attorney for debtor                              MM / DD / YYYY

**Sean M. Beach**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square**
**1000 N. King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **(302) 571-6600**        Email address   **sbeach@ycst.com**

**4070 DE**
Bar number and State

## SCHEDULE 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (collectively, the "**Debtors**"), including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.  Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that the Court jointly administer their chapter 11 cases for administrative purposes only.

| Company | Tax ID # |
|---|---|
| IronNet, Inc. | 83-4599446 |
| IronNet Cybersecurity, Inc. | 46-5742655 |
| IronNet International, LLC | 83-3237621 |
| IronCAD LLC | 38-4141162 |
| HighDegree, LLC | 84-3938474 |

**OMNIBUS WRITTEN CONSENT**
**OF**
**THE BOARD OF DIRECTORS**
**OF**
**IRONNET CYBERSECURITY, INC.**
**AND**
**THE SOLE MEMBERS**
**OF**
**IRONNET INTERNATIONAL, LLC**
**AND**
**IRONCAD LLC**
**AND**
**THE CONTROLLING MEMBER**
**OF**
**HIGHDEGREE, LLC**

October 10, 2023

The undersigned, constituting the board of directors (the "Board") of IronNet Cybersecurity, Inc., a Delaware corporation ("Cybersecurity"), acting (i) on behalf of Cybersecurity, (ii) on behalf of IronNet International, LLC, a Delaware limited liability company ("International"), in Cybersecurity's capacity as the sole member of International, (iii) on behalf of IronCAD LLC, a Delaware limited liability company ("IronCAD"), in Cybersecurity's capacity as the sole member of IronCAD, and (iv) on behalf of IronCAD, in IronCAD's capacity as the controlling member of HighDegree, LLC, a Delaware limited liability company ("HighDegree," and together with Cybersecurity, International, and HighDegree, each a "Company," and together, the "Companies"), in Cybersecurity's capacity as the sole member of IronCAD, do hereby consent, pursuant to the applicable provisions of the General Corporation Law of the State of Delaware (the "DGCL") and the Delaware Limited Liability Company Act (the "Act"), and the Bylaws of Cybersecurity (the "Bylaws"), the Limited Liability Company Agreement of IronNet International, LLC, dated December 11, 2018 (the "International LLCA"), the Limited Liability Company Agreement of IronCAD LLC, dated March 14, 2019 (the "IronCAD LLCA"), and the Amended and Restated Operating Agreement of HighDegree, LLC, dated October 31, 2019 (the "HighDegree LLCA," and together with the International LLCA and the IronCAD LLCA, the "LLCAs"), to the adoption of the resolutions set forth herein without a meeting pursuant to the DGCL, the Act, the Bylaws, and the LLCAs, as applicable, and direct that this Omnibus Written Consent be filed with the books and records of Cybersecurity, relating to the proceedings of the Board, and the books and records of each of International, IronCAD, and HighDegree, relating to the proceedings of International's, IronCAD's, and HighDegree's respective members:

**WHEREAS**, Cybersecurity is the direct or indirect owner of the subsidiaries listed on **Exhibit A**, attached hereto;

**WHEREAS**, Cybersecurity is the sole member of International and IronCAD, and IronCAD is the controlling member of HighDegree;

30840560.3

## Appointment of Officers

**WHEREAS**, the Board, acting on behalf of Cybersecurity, has determined that it is advisable and in the best interests of Cybersecurity to designate Cameron Pforr to serve as the President and Chief Financial Officer of Cybersecurity;

**WHEREAS**, the Board, acting on behalf of Cybersecurity, in Cybersecurity's capacity as the sole member of IronCAD, has determined that it is advisable and in the best interests of IronCAD to designate Cameron Pforr to serve as the President and Chief Financial Officer of IronCAD;

**WHEREAS**, the Board, acting on behalf of Cybersecurity, in Cybersecurity's capacity as the sole member of International, has determined that it is advisable and in the best interests of International to designate Cameron Pforr to serve as the President and Chief Financial Officer of International;

**WHEREAS**, the Board, acting on behalf of Cybersecurity, in Cybersecurity's capacity as the sole member of IronCAD, acting in IronCAD's capacity as the controlling member of HighDegree, acting on behalf of HighDegree, has determined that it is advisable and in the best interests of HighDegree to designate Cameron Pforr to serve as the President and Chief Financial Officer of HighDegree;

## Restructuring Process

**WHEREAS**, the Board, acting (i) on behalf of Cybersecurity, (ii) in Cybersecurity's capacity as the sole member of each of International and IronCAD, on behalf of each of International and IronCAD, and (iii) in Cybersecurity's capacity as the sole member of IronCAD, acting in IronCAD's capacity as the controlling member of HighDegree, acting on behalf of HighDegree (the "Controlling Member," and together with the Sole Members, the "Members"), has considered presentations made by, and has reviewed and had the opportunity to ask questions about the materials presented by, the management (the "Management") and the legal and financial advisors (the "Advisors") of the Companies regarding the liabilities, liquidity, and prospects of each Company, the strategic alternatives available to the Companies, and the impact of the foregoing on the Companies' business;

**WHEREAS**, the Board, acting on behalf of Cybersecurity and in Cybersecurity's capacity as (i) the sole member of each of International and IronCAD, and (ii) the sole member of IronCAD, acting in IronCAD's capacity as the controlling member of HighDegree has had the opportunity to consult with the Management and the Advisors of each Company to fully consider, and has considered, the strategic alternatives available to the Companies;

**WHEREAS**, the Board, acting on behalf of Cybersecurity and in Cybersecurity's capacity as (i) the sole member of each of International and IronCAD, and (ii) the sole member of IronCAD, acting in IronCAD's capacity as the controlling member of HighDegree has supervised and directed the Management and Advisors of the Companies in evaluating their strategic options, including a refinancing of funded debt, asset sales, equity sales (an asset sale or equity sale shall hereinafter be defined as a "Sale"), and a balance sheet and/or operational restructuring;

**WHEREAS**, the Companies, with the assistance of their Advisors, are conducting a fulsome marketing and sale process, contacting, meeting with, and soliciting offers from numerous bidders, in order to receive the highest or otherwise best offer for the sale of the assets of the Companies;

**WHEREAS**, the Board, acting on behalf of Cybersecurity and in Cybersecurity's capacity as (i) the sole member of each of International and IronCAD, and (ii) the sole member of IronCAD, acting in IronCAD's capacity as the controlling member of HighDegree, has reviewed and considered the financial and operational condition of each Company and each Company's business on the date hereof, including the assets of each Company, the current and long-term liabilities of each Company, and the recommendations of the Companies' legal, financial, and restructuring advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, the Board, acting on behalf of Cybersecurity and in Cybersecurity's capacity as (i) the sole member of each of International and IronCAD, and (ii) the sole member of IronCAD, acting in IronCAD's capacity as the controlling member of HighDegree, has determined that it is in the best interests of each Company and each Company's stakeholders, creditors, and other interested parties to commence a case (the "Bankruptcy Case") under the provisions of chapter 11 of the Bankruptcy Code;

## Amendment of HighDegree LLCA

**WHEREAS**, the Board, acting on behalf of Cybersecurity and on behalf of IronCAD and HighDegree as specified in this Omnibus Written Consent, has reviewed the First Amendment to the HighDegree LLCA, attached hereto as **Exhibit B**, and has determined that it is advisable and in the best interests of each of Cybersecurity, IronCAD, and HighDegree to execute and deliver such amendment to modify the dissolution provisions in the HighDegree LLCA;

## NOW, THEREFORE, BE IT:

## Appointment of Officers

**RESOLVED**, that Cameron Pforr is hereby appointed to serve as the President and Chief Financial Officer of Cybersecurity; and it is further

**RESOLVED**, that, the Board, acting on behalf of Cybersecurity, in Cybersecurity's capacity as the sole member of IronCAD, hereby appoints Cameron Pforr to serve as the President and Chief Financial Officer of IronCAD; and it is further

**RESOLVED**, that, the Board, acting on behalf of Cybersecurity, in Cybersecurity's capacity as the sole member of International, hereby appoints Cameron Pforr to serve as the President and Chief Financial Officer of International; and it is further

**RESOLVED**, that, the Board, acting on behalf of Cybersecurity, in Cybersecurity's capacity as the sole member of IronCAD, acting in IronCAD's capacity as the controlling member of HighDegree, acting on behalf of HighDegree, hereby appoints Cameron Pforr to serve as the President and Chief Financial Officer of HighDegree; and it is further

## Commencement and Prosecution of Bankruptcy Cases

**RESOLVED**, that, in the judgment of the Board, acting on behalf of each of the Companies as specified in this Omnibus Written Consent, it is desirable and in the best interests of the Companies and the Companies' stakeholders, creditors, and other interested parties that a voluntary petition (each, a "Petition," and collectively, the "Petitions") be filed by each Company with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") under the provisions of chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that the filing of a Petition on behalf of each of the Companies be, and hereby is, approved and adopted in all respects, and that any officer or manager of each Company (each, an "Authorized Person," and collectively, the "Authorized Persons") be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered on behalf of each of the Companies, to execute, acknowledge, deliver, and verify such Petitions and to cause the same to be filed with the Bankruptcy Court at such time as such Authorized Persons may determine; and it is further

**RESOLVED**, that each Authorized Person be, and hereby is, authorized to:  (i) execute and file all petitions, schedules of assets and liabilities, statements of financial affairs, lists, and other papers and to take any and all related actions that such Authorized Persons may deem necessary or proper in connection with the applicable Bankruptcy Case; (ii) execute, acknowledge, deliver, and verify any and all documents necessary or proper in connection with the Petitions and to administer the applicable Bankruptcy Case in such form or forms as such Authorized Persons may deem necessary or proper and in order to effectuate the foregoing resolutions; and (iii) engage any professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, brokers, or other experts as such Authorized Persons deem necessary or proper to accomplish the purposes of the resolutions; and it is further

**RESOLVED**, that each Authorized Person be, and hereby is, authorized, directed, and empowered from time to time in the name and on behalf of the applicable Company, to perform the obligations of such Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Persons performing or executing the same shall approve, and the performance or execution thereof by such Authorized Persons shall be conclusive evidence of the approval thereof by such Authorized Persons and by the applicable Company; and it is further

**RESOLVED**, that each Authorized Person be, and hereby is, authorized, directed, and empowered from time to time in the name and on behalf of the applicable Company, to cause such Company to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, to pay all expenses, including filing fees, and to take such other actions, as in the judgment of the Authorized Persons, shall be necessary, proper, or desirable to prosecute to a successful completion the applicable Bankruptcy Case and to effectuate the restructuring or liquidation of such Company's debt, other obligations, organizational form, or structure and ownership of such Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of these resolutions, and the

transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

## Retention of Professionals

**RESOLVED**, that the Companies be, and hereby are, authorized, empowered, and directed to retain the law firm Young Conaway Stargatt & Taylor, LLP ("Young Conaway") to represent the Companies, as debtors, in connection with the Bankruptcy Cases on the terms set forth in Young Conaway's engagement letter with IronNet, Inc. and the Companies, which such engagement letter is hereby ratified and approved, and to represent and assist each of the Companies in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each of the Companies' rights and obligations, including to (i) execute, acknowledge, deliver, and verify the Petitions and all other ancillary documents, and to cause the Petitions to be filed with the Bankruptcy Court and make or cause to be made, prior to execution thereof, any modifications to the Petitions or any ancillary document as an Authorized Person deems necessary, desirable, or appropriate to carry out the intent and accomplish the purpose of these resolutions, (ii) execute, acknowledge, deliver, verify, and file or cause to be filed all petitions, schedules, statements, lists, motions, applications, and other papers or documents necessary or proper in connection with the foregoing, and (iii) execute, acknowledge, deliver, and verify any and all other documents necessary or proper in connection therewith and to administer each of the Companies' chapter 11 cases in form or forms as any Authorized Person may deem necessary or proper in order to effectuate the purpose of the intent of the foregoing resolution; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway in the Bankruptcy Cases; and it is further

**RESOLVED,** that the Companies be, and hereby are, authorized, empowered, and directed to retain the law firm Arnold & Porter Kaye Scholer LLP ("Arnold & Porter") to serve as general corporate counsel for the Companies on the terms set forth in Arnold & Porter's engagement letter with the Companies and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Arnold & Porter in the Bankruptcy Cases; and it is further

**RESOLVED**, that the Companies be, and hereby is, authorized, empowered, and directed to retain an investment banker for the purpose of providing services to the Companies in connection with the Sale, on the terms set forth in such investment banker's engagement letter with the Companies and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of such investment banker in the Bankruptcy Cases; and it is further

**RESOLVED**, that Stretto, Inc. ("Stretto") be, and hereby is, authorized and empowered to represent and assist the Companies as claims, noticing, and solicitation agent and to represent and assist the Companies in connection with carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection

therewith, each of the Authorized Persons, with powers of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Stretto in the Bankruptcy Cases; and it is further

**RESOLVED**, that each Authorized Person be, and each hereby is, authorized and directed to employ any other professionals to assist the Companies in carrying out the Companies' duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of any other professionals as necessary; and it is further

**RESOLVED**, that each Authorized Person be, and each hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deems necessary, proper, or desirable in connection with the Bankruptcy Cases, with a view to the successful prosecution of such cases; and it is further

**RESOLVED**, that each of the aforementioned retained advisors of the Companies is hereby authorized to take any and all actions necessary or desirable to advance the Companies' rights and obligations and facilitate the commencement of the Bankruptcy Cases; and it is further

## Postpetition Financing

**RESOLVED**, that in connection with the commencement of the Bankruptcy Cases by each of the Companies, each Authorized Person shall be, and hereby is, authorized, directed, and empowered, in the name and on behalf of each of the Companies, as debtor and debtor in possession, to negotiate, execute, and deliver agreements for the use of cash collateral in connection with the Bankruptcy Cases, which agreement(s) may require the Companies to acknowledge the debt and liens of existing loans, grant liens, and pay interest to the Companies' existing lender(s); and in connection therewith, each Authorized Person is hereby authorized and directed to execute appropriate agreements and related ancillary documents; and it is further

**RESOLVED**, that in connection with the commencement of the Bankruptcy Cases by the Companies and certain affiliates of the Companies, each Authorized Person shall be, and hereby is, authorized, directed, and empowered, in the name and on behalf of each of the Companies, as debtor and debtor in possession, to negotiate, execute, and obtain postpetition financing, including under debtor-in-possession credit facilities; and to enter into any guarantees and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such postpetition financing; and in connection therewith, each Authorized Person is hereby authorized and directed to execute appropriate loan agreements and related ancillary documents; and it is further

## Sale Process

**RESOLVED**, that in connection with the commencement of the Bankruptcy Cases by the Companies, each Authorized Person shall be, and hereby is, authorized, directed, and empowered, in the name and on behalf of the Companies, as debtors and debtors in possession, to file a motion with the Bankruptcy Court (the "Sale Motion") seeking approval of (i) bidding procedures to be used to facilitate a Sale, (ii) form and manner of notice, (iii) the payment of certain bidding protections to a stalking horse bidder, if any (subject to the terms and conditions of the form of purchase agreement and approval of the Bankruptcy Court), and (iv) the Sale; and be it further

**RESOLVED,** that in the judgement of the Board, it is desirable and in the best interests of the Companies, their creditors, and other parties in interest that the Companies be, and hereby are, authorized to continue to engage in a marketing process for the Companies' assets, to ensure the auction provides the highest or otherwise best offer for the Companies' assets (the "Sale Process"), with such changes, additions, and modifications thereto as an Authorized Person shall approve; and be it further

**RESOLVED**, that in connection with the commencement of the Bankruptcy Cases by the Companies, each Authorized Person shall be, and hereby is, authorized, directed, and empowered, in the name and on behalf of the Companies, as debtors and debtors in possession to pursue the Sale Process and to take any and all actions necessary or advisable to advance the Companies' rights and obligations thereunder, including filing of additional pleadings; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to take all necessary actions in furtherance of the foregoing resolutions; and be it further

**RESOLVED,** that, in the event the Sale Process and auction does not result in a satisfactory offer for the Companies' assets, the Companies shall be, and hereby are, and the Authorized Persons shall be, and each of them, acting alone, hereby is, in the name and on behalf of the Companies, authorized, directed and empowered to instead pursue a restructuring consistent with the provisions of the Bankruptcy Code; and be it further

## Amendment of HighDegree LLCA

**RESOLVED**, that the Board, acting on behalf of Cybersecurity and on behalf of IronCAD and HighDegree as specified in this Omnibus Written Consent, (i) consents to and adopts the First Amendment to the HighDegree LLCA, attached hereto as **Exhibit B**, and (ii) hereby authorizes and directs the execution and delivery of such amendment by an Authorized Person on behalf of each of Cybersecurity, IronCAD, and HighDegree; and it is further

## General Authorizing Resolutions

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, in the name of and on behalf of the Companies, to perform the obligations of the Companies under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Persons performing or executing the same shall approve, and the performance or execution thereof by such Authorized

DocuSign Envelope ID: 7ACCDFE4-72C9-4263-92E5-0567BB6EC204

Persons shall be conclusive evidence of the approval thereof by such Authorized Persons and by the Companies; and it is further

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, in the name of and on behalf of the Companies, to take such actions and execute and deliver such documents as may be required or as the Authorized Persons may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as the Authorized Persons shall approve, the taking or execution thereof by any Authorized Persons being conclusive evidence of the approval thereof by the Authorized Persons; and it is further

**RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of such resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified; and it is further

**RESOLVED**, that facsimile, photostatic copies of, or other electronic granted signatures to this Omnibus Written Consent shall be deemed to be originals and may be relied on to the same extent as the originals; and it is further

**RESOLVED**, that this Omnibus Written Consent may be executed in multiple counterparts, all of which, taken together, shall constitute one and the same document, and shall be effective as of the date first written above when signed by the Board and Members.

*[Signature Page Follows]*

**IN WITNESS WHEREOF**, the undersigned, constituting all of the members of the Board of Directors of Cybersecurity, hereby execute this Omnibus Written Consent effective as of the date first written above.

By:  General Keith B. Alexander
Title:  Director

30840560.3

[Signature Page to the Omnibus Written Consent of the Board of Directors of IronNet Cybersecurity, Inc. and the Sole Member of IronNet International, LLC and IronCAD LLC and the Controlling Member of HighDegree, LLC]

## EXHIBIT A

### Subsidiaries

1.    IronNet International, LLC, a wholly-owned direct subsidiary of IronNet Cybersecurity, Inc.
2.    IronCAD LLC, a wholly-owned direct subsidiary of IronNet Cybersecurity, Inc.
3.    HighDegree, LLC, a majority-owned direct subsidiary of IronCAD LLC and minority-owned indirect subsidiary of IronNet Cybersecurity, Inc.

DocuSign Envelope ID: 7ACCDFE4-72C9-4393-92E5-0567BB6EC204

## **EXHIBIT B**

**First Amendment to the HighDegree LLCA**

*Attached*

<table>
<tr><td>Debtor name</td><td><strong>IronNet, Inc., <em>et al.</em></strong></td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>DISTRICT OF DELAWARE</td></tr>
<tr><td>Case number (If known):</td><td></td></tr>
</table>

❑ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **3i, LP** Attn: Cahill Gordon & Reindel LLP 32 Old Slip New York, NY 10005 | Attn: Joel Levitin jlevitin@cahill.com | Trade Debt | | | | **$7,900,000.00** |
| 2 | **Data 365** Attn: 365 Operating Company LLC 200 Connecticut Ave Norwalk, CT 06854 | Attn: Susan Brooks and Thomas Caruso P: 866-365-6246; 203-664-8727 sbrooks@365datacenters.com; tom.caruso@365datacenters.com | Trade Debt | | | | **$1,968,566.55** |
| 3 | **Cooley LLP** 1299 Pennsylvania Avenue NW Suite 700 Washington, DC 2004-2400 | Attn: Brooke Nussbaum P: 202-728-7115 F: 202-842-7899 bnussbaum@cooley.com | Professional Services | | | | **$1,657,652.86** |
| 4 | **Dell Financial Services** One Dell Way Round Rock, TX 78682 | Attn: Alfredo Rabina P: 877-663-3355 alfredo_rabina@dellteam.com | Trade Debt | | | | **$539,428.99** |
| 5 | **Ecosystems Services LLC** PO Box 66 Lancaster, VA 22503 | Attn: T Vagnucci P: 703-470-8775 tvagnucci@themckelveygroup.com | Trade Debt | | | | **$530,000.00** |
| 6 | **Korr Acquisitions Group, Inc.** 1400 Old Country Road, Suite 306 Westbury, NY 11590 | Attn: Kenneth Orr ko@korrag.com | Trade Debt | | | | **$513,608.00** |
| 7 | **Amazon Web Services** PO Box 84023 Seattle, WA 98124 | Attn: Rino David P: 833-448-2289 rinodavd@amazon.com | Trade Debt | | | | **$478,188.74** |
| 8 | **Riveron Consulting LLC** 2515 Mckinney Avenue Dallas, TX 75201 | Attn: Sasha Morozova P: 214 891-5500 sasha.morozova@riveron.com | Professional Services | | | | **$423,431.76** |
| 9 | **NYSE** 11 Wall Street New York, NY 10005 | Attn: Herman Singh P: 212-656-5307 herman.singh@nyse.com | Trade Debt | | | | **$315,395.00** |

30858926.2

Debtor Name  **IronNet, Inc., _et al._**                    Case Number _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 10 | **Tiempo Development LLC** PO Box 95906 Las Vegas, NV 89193-5906 | Attn: Jeffrey Sperber Executive Vice President CFO 3Pillar Global jeffrey.sperber@3pillarglobal.com | Trade Debt | | | | $277,148.75 |
| 11 | **Morvillo Abramowitz Grand Iason Anello PC** 565 Fifth Avenue Floor 9 New York, NY 10017 | Attn: Kate Cassidy Esq P: 212-880-9413 kcassidy@maglaw.com | Trade Debt | | | | $206,941.80 |
| 12 | **CORVID Cyberdefense** 153 Langtree Campus Drive Ste 401 Mooresville, NC 28117 | Attn: Matt Hurley P: 703-731-5325 matt.hurley@corvidtec.com | Trade Debt | | | | $172,672.77 |
| 13 | **CAST AI Group Inc** 111 NE 1st Street 8th Floor No 1041 Miami, FL 33132 | Attn: Aida Barkauskaite aida@cast.ai | Trade Debt | | | | $166,263.75 |
| 14 | **Cigna** 1700 Lincoln St Lower Level 3 Lock Box 59 Denver, CO 80274 | Attn: Dawn Farrell P: 703 269-1826 dawn.farrell@cigna.com | Trade Debt | | | | $156,879.09 |
| 15 | **Gartner** 12651 Gateway Blvd Fort Meyers, FL 33913 | Attn: Lauren Hickey P: 237-270-7649 lauren.hickey@gartner.com | Trade Debt | | | | $146,500.00 |
| 16 | **Tyson's Corner Office I LLC** 401 Wilshire Blvd Suite 700 Santa Monica, CA 90401 | Attn: Nuchapan Glomdee P: 703-942-6650 nuchapan.glomdee@hines.com | Trade Debt | | | | $145,824.57 |
| 17 | **Salesforcecom Inc** PO Box 203141 Dallas, TX 75320-3141 | Attn: S Clermontchan sclermontchan@salesforce.com | Trade Debt | | | | $134,190.00 |
| 18 | **SHI** 290 Davidson Avenue Somerset, NJ 08873 | Attn: Andreas Poswencyk P: 800-736-0220 andreas_poswencyk@shi.com | Trade Debt | | | | $133,780.50 |
| 19 | **Fitcheven** PO Box 3856 San Louis Obispo, CA 93403 | Attn: Nancy Driscoll P: 805-548-1803 F: 805-980-3483 ndriscoll@fitcheven.com | Trade Debt | | | | $125,164.62 |
| 20 | **PricewaterhouseCoopers LLP** PO Box 7247-8001 Philadelphia, PA 19170-8001 | Attn: Priscilla R. Ramos P: 562-972-8051 priscilla.r.ramos@pwc.com | Professional Services | | | | $124,428.76 |
| 21 | **Informa Tech Holdings LLC** 1983 Marcus Avenue Suite 250 Lake Success, NY 11042 | Attn: Rachel Caffrey P: 212-600-3255 rachel.caffrey@informa.com | Trade Debt | | | | $107,000.00 |

Debtor Name  **IronNet, Inc., _et al._**                          Case Number _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 22 | **Public Strategies Washington Inc** 701 8th St NW Ste 600 Washington, DC 20001 | Attn: J Hallauer P: 202-783-2596 jhallauer@psw-inc.com | Trade Debt | | | | $100,000.00 |
| 23 | **Donnelly Financial** 35 W Wacker 35th Floor Chicago, IL 60601 | Attn: Kelly Strache P: 855 542-9011 kelly.strache@dfinsoltions.com | Professional Services | | | | $93,949.50 |
| 24 | **HCL Technologies Corporate Services Ltd** 70 Gracechurch Street 6th Floor London,  UT EC3V0XL GB | Attn: Suyash Mishra P: 917275720142 suyash.mishra@hcl.com; dask@hcl.com; kamna.soni@hcl.com; santosh.pilkhane@hcl.com | Trade Debt | | | | $91,459.20 |
| 25 | **LinkSquares** 60 State Street Suite 1200 Boston, MA 02109 | Attn: Kaitlyn Murray Sr Customer Success Manager P: 845-701-5446 kmurray@linksquares.com | Trade Debt | | | | $90,000.00 |
| 26 | **KirkpatrickPrice Inc** 1945 Scottsville Road B2-145 Bowling Green, KY 42104 | Attn: Ashton Kreps P: 800-977-3154 X239 a.kreps@kirkpatrickprice.com | Trade Debt | | | | $82,192.74 |
| 27 | **Sacumen Division of Clarion Technologies Pvt Ltd** 4th Floor Cybercity Tower S4 Magarpatta Hadapsar Pune, Maharashtra 411028 IN | Attn:Anjali Menon and Gowri Sirsi P: 91 99453 88877 anjali.menon@expresslaw.in | Trade Debt | | | | $80,060.00 |
| 28 | **The Open Information Security Foundation** 292 Newbury St No157 Boston, MA 02115 | Attn: Kelley Misata PhD kmisata@oisf.net | Trade Debt | | | | $80,000.00 |
| 29 | **Forvis LLP** 910 E St Louis Street Suite 400 Springfield, MO 65806-2570 | Attn: Ben Sady P: 704-367-7020 ben.sady@dhg.com | Trade Debt | | | | $78,382.50 |
| 30 | **Morrison Foerster LLP** 425 Market Street San Francisco, CA 94105 | Attn: Joseph C Folio III Esq P: 202-887-1578 jfolio@mofo.com | Professional Services | | | | $75,578.85 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| IRONNET, INC., *et al.*,[1] | ) Case No. 23-_____ (___) |
| | ) |
| Debtor. | ) (Joint Administration Requested) |
| | ) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
PURSUANT TO FED. R. BANKR. P. 1007(a)(1) AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each a "**Debtor**," and collectively, the "**Debtors**") hereby state as follows:

1.       Debtor IronNet, Inc., whose address is 7900 Tysons One Place, Suite 400, McLean, VA 22102, is a publicly traded company.  The following individuals or entities own 10% or more of the equity of Debtor IronNet, Inc.:

| Name | Address | Number of Shares |
|---|---|---|
| Cede & Co. | 570 Washington Blvd. Jersey City, NJ 07310 | 84,165,338 |

2.       Debtor IronNet, Inc. owns 100% of the equity interests in Debtor IronNet Cybersecurity, Inc., whose address is 7900 Tysons One Place, Suite 400, McLean, VA 22102.

---

[1]    The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:   IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474).   The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

3.      Debtor IronNet Cybersecurity, Inc. owns 100% of the membership interests in Debtor IronNet International, LLC, whose address is 7900 Tysons One Place, Suite 400, McLean, VA 22102.

4.      Debtor IronNet Cybersecurity, Inc. owns 100% of the membership interests in Debtor IronCAD LLC, whose address is 7900 Tysons One Place, Suite 400, McLean, VA 22102.

5.      Debtor IronCAD LLC owns 51% of the membership interests in Debtor HighDegree, LLC, whose address is 7900 Tysons One Place, Suite 400, McLean, VA 22102, and Debtor IronNet Cybersecurity, Inc. owns the remaining 49% of the membership interests in Debtor HighDegree, LLC.

**Fill in this information to identify the case:**

Debtor name   **IronNet, Inc., *et al.***

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)   _____

☐ Check if this is an
amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule*
☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒   Other document that requires a declaration   **Consolidated Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **10/12/2023**          X _*Cameron Pforr*_
                                         Signature of individual signing on behalf of debtor

                                         **Cameron Pforr**
                                         Printed name

                                         **President and Chief Financial Officer**
                                         Position or relationship to debtor